IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHELSEA KAY WARD,<br><br>    Defendant. | 2:22-CR-050-Z-BR (1) |

## MEMORANDUM OPINION AND ORDER

Before the Court is correspondence from Defendant Chelsea Kay Ward ("Ward") that the Court will construe as a Motion for Sentence Reduction based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. Section 3582(c)(1)(A). ECF No. 70. For the reasons stated below, Ward's Motion is **DENIED**.

### BACKGROUND

On September 15, 2022, the Court accepted Ward's guilty plea to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) & (b)(1)(C) and 18 U.S.C. Section 2. ECF No. 31. As a result, on January 10, 2023, the Court sentenced Ward to 180 months of imprisonment, followed by three years of supervised release. ECF No. 49. On September 30, 2025, Ward filed this Motion, seeking release based on her rehabilitation and desire to return to her children. ECF No. 70.

### LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed, except in limited circumstances. *United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023); *see also* 18 U.S.C. Section 3582(c). A defendant moving for compassionate

release must satisfy three criteria: (1) either "extraordinary and compelling reasons" warrant a reduction, or she is at least 70 years of age, has served at least 30 years in prison, and meets certain additional requirements;[1] (2) show that compassionate release is consistent with applicable U.S. Sentencing Commission policy statements; and (3) convince the Court to exercise its discretion to grant the motion after considering the Section 3553(a) factors. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.), *cert. denied*, 142 S. Ct. 299 (2021).

LEGAL ANALYSIS

**A. Ward Shows No "Extraordinary and Compelling Reasons" for Release**

Although Section 3582(c)(1)(A) provides that the Court may reduce a prison sentence for extraordinary and compelling reasons, the statute itself provides no definition of situations considered to be "extraordinary and compelling." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). In an effort to define "extraordinary and compelling," the U.S. Sentencing Commission promulgated Sentencing Guideline Section 1B1.13, which includes a list of six extraordinary and compelling reasons that may justify compassionate release. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200-210 (Am. 814).

Ward argues that she has made significant rehabilitation efforts while in prison, and that she wishes to return home to care for her children. Under the Sentencing Guidelines, rehabilitation alone is not an extraordinary and compelling reason for release; however, rehabilitation may be considered in combination with other circumstances in determining whether and to what extent a reduction in the movant's term of imprisonment is warranted.

---

[1]This factor does not apply to Ward.

*See* Section 1B1.13(e). Therefore, the Court considers such "other circumstances" raised by Ward in her Motion: that she seeks to care for her children.

Ward's situation does not meet the requirements of Section 1B1.13(b)(3), which considers compassionate release for family circumstances when the movant is the sole possible caregiver for minor children, disabled children, an incapacitated parent, or other immediate family member. Ward does not allege that she is the sole possible caregiver for her children such that Section 1B1.13(b)(3) would apply. In fact, she acknowledges in her motion that her children are currently being cared for by her son's father. ECF No. 70 at 1.

Further, Ward's desire to care for her children during this time is laudable, but is not "extraordinary and compelling" for the purposes of compassionate release. An inmate's "desire . . . to be a good role model does not constitute an extraordinary and compelling reason warranting compassionate release." *United States v. Castillo*, No. 4:16-CR-142, 2022 WL 2718724 at *4 (E.D. Tex. July 13, 2022), *citing United States v. Silverlight*, No. 4:12-CR-201-YGR, 2021 WL 1736864, at *3 (N.D. Cal. May 3, 2021) (holding that defendant's arguments for "release to care for members of her family [including her minor children] do not rise to the level of 'extraordinary and compelling' circumstances warranting reduction of her sentence"). Ward's motion does not show extraordinary and compelling reasons for release.

### B. The Section 3553 Factors Weigh Against Release

The Court also must consider the applicable Section 3553(a) factors to determine whether compassionate release is appropriate. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Mindful of these factors, the Court has carefully considered the record pertaining to (1) Ward's sentence relative to the nature and seriousness of her offense; (2) her personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Ward;

3

(6) the need to provide rehabilitative services, (7) the applicable guideline sentence, and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must be "sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors, the Court cannot justify compassionate release. "Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A review of the record shows that these factors militate against compassionate release. Ward's Factual Resume shows that she admitted to knowingly possessing 4,912 grams of methamphetamine with the intent to distribute it. ECF No. 27 at 2-3. The Presentence Report ("PSR") ultimately found that she was accountable for more than 97,498 kilograms of converted drug weight, and her total offense level, even after reductions for acceptance of responsibility, was 35. ECF No. 39-1 at 6-7. In view of the serious nature and circumstances of her offense of conviction as recounted in the PSR, the Court cannot conclude that releasing Ward from prison after she has served only a fraction of her sentence would afford adequate deterrence or protect the public. Granting compassionate release, in the Court's view, would not provide a just punishment for her offense.

After reviewing the entirety of the record, the Court determines that releasing Ward at this time would minimize the impact of her crime and the seriousness of her offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED.**

December 31, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE